CJ-25-6987
Andrews

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JEREMY OWENS ENTERPRISES LLC,   )
   )
   *Plaintiff,*   )
   )   SEP 25 2025
   )
vs.   )   CAUSE NO. ____ ~~RICK WARREN~~
   )   COURT CLERK
CANOPIUS US INSURANCE, INC.,   )   136
   )
   *Defendant.*   )   CJ - 2025 - 6 9 8 7

## PETITION

**COMES NOW** the Plaintiff, Jeremy Owens Enterprises LLC, (hereinafter "Plaintiff"), and

for its causes of action against Defendant, Canopius US Insurance, Inc., (hereinafter referred to as

("Canopius"), hereby states as follows:

## STATEMENT OF FACTS

1.    Plaintiff has an insurable interest in the property located at 2604 South Portland Avenue, Oklahoma City, Oklahoma 73108.

2.    Canopius US Insurance, Inc. is an insurance company, engaged in the business of insurance in the State of Oklahoma. Canopius US Insurance, Inc. may be served with process by serving the Oklahoma Insurance Commissioner, Glen Mulready, Oklahoma Insurance Department, 400 NE 50th Street, Oklahoma City, Oklahoma 73105. Plaintiff requests service at this time.

3.    Plaintiff entered into a contract for insurance with Canopius to provide coverage for its property and contents. Plaintiff's insured property is located at 2604 South Portland Avenue, Oklahoma City, Oklahoma 73108, Oklahoma County, Oklahoma (the "Property"). Canopius issued a homeowners policy of insurance to Plaintiff, Policy

EXHIBIT
2

CUS210000650 (the "Policy").  The Policy was in effect from December 22, 2023 to December 22, 2024 (the "Policy Period").

4. The Policy issued to Plaintiff provides coverage for wind and hailstorm damage.

5. Canopius represented to the Plaintiff that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims.  Plaintiff relied on said representations.

6. During the Policy Period, the Property was severely damaged as a direct result of a wind and hailstorm.

7. Plaintiff timely and properly submitted a claim Canopius for the property damage incurred due to the wind and hailstorm. Canopius assigned a date of loss of November 4, 2024.

8. Canopius confirmed that the cause of Plaintiff's property damage claim was due to wind and hail and that the loss was covered under the terms and conditions of the insurance Policy with Canopius. Canopius assigned a claim number of 79263KSP to the covered loss.

9. Due to Canopius' representation that **Suit Against Us** must be started within two years after the date of loss or damage, Plaintiff timely filed the subject suit in compliance with the Policy.

<u>**FIRST CAUSE OF ACTION**</u>
<u>**BREACH OF CONTRACT**</u>

10. Plaintiff adopts and incorporates by reference paragraphs 1 through 9 above as if fully plead herein, and for further claims against Canopius alleges as follows:

11. Plaintiff entered into a contract for insurance with Canopius to provide coverage for the dwelling, other structures and personal property. The Policy issued by Canopius to Plaintiff specifically provides coverage for losses caused by wind and hail.

12.     At all times material hereto, the Policy of insurance (Policy No. CUS210000650), was in full force and effect.

13.     Plaintiff provided timely and proper notice of the claim for property damage resulting from wind and hail.

14.     Plaintiff has complied with the terms and conditions and all conditions precedent under the Policy of insurance.

15.     As to the damage that underlies Plaintiff's claim, Canopius has not paid full insurance benefits to date for those losses covered by the Policy. Canopius' denial is derived from its misplaced reliance upon an outcome-oriented investigation and its wrongful determination of long-term wear and tear.

16.     Conversely, Plaintiff's retained adjuster wrote an estimate of covered damages, which totaled $145,148.92. This estimate was provided to Canopius.

17.     By failing to timely and properly pay the Plaintiff for losses covered by the Policy, Canopius has breached its contractual obligations under the terms and conditions of the Policy with Plaintiff.

18.     By failing to fully indemnify Plaintiff for losses covered by the Policy, Canopius has breached its contractual obligations under the terms and conditions of the Policy with Plaintiff by failing to pay Plaintiff all benefits owed.

19.     Canopius's conduct is the proximate cause of Plaintiff's damages.

20.     As a result of Canopius' breach of contract, Plaintiff has sustained financial losses.

21.     Pursuant to 12 O.S. § 3629(B), Plaintiff is entitled to attorneys' fees, costs, and statutory interest at the rate of 15% per annum.

22.     As a result of Canopius' breach of contract, Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

## SECOND CAUSE OF ACTION
### BAD FAITH

23.     Plaintiff adopts and incorporates by reference paragraphs 1 through 22 above as if fully plead herein, and for further claims against Canopius alleges as follows:

24.     Canopius owes a duty to Plaintiff to deal fairly and act in good faith.

25.     Canopius failed to retain unbiased and qualified professionals to properly evaluate Plaintiff's loss.

26.     Canopius has implemented business practices, including refusing to pay for certain damages despite knowing the scope of loss requires such repairs, in an effort to maximize its profit and underpay its insureds.

27.     Canopius breached its duty to deal fairly and act in good faith by failing to timely and properly investigate, evaluate and/or pay the Plaintiff's claim.

28.     Canopius' obligations to the Plaintiff arise from both express written terms under the insurance Policy and the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

29.     Canopius' conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

30.     Despite Canopius' adjuster failing to identify damage to the Plaintiff's dwelling, Canopius failed to pay for the direct physical damage caused by the wind and hail.

31.     Canopius owes for all direct physical damages caused by a peril not otherwise limited or excluded by the express terms of the Policy.

32.    Canopius ignored direct physical damages covered by the Policy for financial gain.

33.    As a direct and proximate result of Canopius' unfair claims handling conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongfully underpaid. Said actions resulted in additional profits and a financial premium to Canopius.

34.    Canopius engages in a profit-sharing program that provides financial incentives to its employees to underpay and/or deny its insureds' claims.

35.    As a result of Canopius' conduct the Plaintiff has sustained financial losses and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

36.    The conduct of Canopius was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

37.    The amount of punitive damages sought to be recovered is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

38.    Plaintiff further alleges Canopius profited from increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiff and other similarly situated Canopius insureds in the State of Oklahoma.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff prays for judgment against Defendant, Canopius US Insurance, Inc., as follows:

a.    Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject Policy of insurance for damage to the dwelling, other structures and/or

personal property caused by the wind and hail on or about November 4, 2024 together with interest on all amounts due;

b. Actual and punitive damages each in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

c. Disgorgement of the increased financial benefits derived by Canopius as a direct result of Canopius' wrongful or intentional, willful, malicious and/or reckless conduct;

d. The amount of punitive damages sought to be recovered for Plaintiff Bad Faith/Breach of the Common Law Duty of Good Faith and Fair Dealing action is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code; and

e. Pre-judgment and post-judgment interest, costs, statutory attorneys' fees, and any other relief deemed equitable and just.

Respectfully submitted,

CHAD T. WILSON LAW FIRM, PLLC

By: /s/ *Patrick C. McGinnis*
Patrick C. McGinnis, OBA # 32561
455 E Medical Center Blvd, Suite 555
Webster, Texas 77598
Tel: (713) 222-6000
Fax: (281) 940-2137
eservice@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

and

Jacquelyn D. Dill, OBA #19955
Dill Law Firm, P.C.
4801 Gaillardia Parkway, Suite 300
Oklahoma City, Oklahoma 73142
Tel: (405) 253-6444
Fax: (405) 253-6445

*ATTORNEYS FOR PLAINTIFF*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**